```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**SUSAN CROSS,**

       **Plaintiff,**

**v.**                                      **Civil Action No. 2:19-cv-00455**

**SURGE STAFFING, LLC, an Alabama**
**Limited Liability Company,**

       **Defendant.**

## ORDER

**Pending is the defendant's motion for leave to amend the answer, filed October 18, 2019.**

**In response to paragraph 14 of the plaintiff's complaint, the defendant admits in its original answer that "Plaintiff did not have responsibility for the Parkersburg, WV branch." Def.'s Answer ¶ 14. Through discovery and further review of the complaint, the defendant discovered an inadvertent error in the admission. Def.'s Mot. for Leave to Amend ¶ 5. The defendant moves for leave to amend the original answer to deny the allegations of paragraph 14 of the plaintiff's complaint. Id. ¶ 7. The plaintiff has not filed a response to the motion.**

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

In addition to Rule 15(a)(2), Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug, 535 F.3d at 298. "Good cause requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence[.]" Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.2 (3d ed. 2010)). A "party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment." Id. at 814-15.

The defendant satisfies both standards. The good cause standard is satisfied because the defendant acted diligently by requesting leave to amend as soon as the defendant discovered the inadvertent error, which occurred seventeen days after the amendment of pleadings deadline. The Rule 15(a)(2) standard is also satisfied because the plaintiff does not suggest that the amended answer results in prejudice, was motivated by bad faith, or raises futile claims.

Accordingly, it is ORDERED that the defendant's motion for leave to amend the answer be, and hereby is, GRANTED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

    ENTER: November 6, 2019

John T. Copenhaver, Jr.
Senior United States District Judge